IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| IN RE: | EXPRESS GRAIN TERMINALS, LLC[1]<br>Debtor | CHAPTER 11<br>CASE NO. 21-11832-SDM |

EXPRESS GRAIN TERMINALS, LLC     PLAINTIFF

v.     ADV. PROC. NO. 22-01007-SDM

MISSISSIPPI REPRODUCTIVE MEDICINE, PLLC     DEFENDANT

## MOTION FOR AUTHORITY TO SETTLE
## AND COMPROMISE A DISPUTED CLAIM

COMES NOW Express Grain Terminals, LLC (the "Plaintiff" or "Debtor") and files this its *Motion for Authority to Settle and Compromise a Disputed Claim* (the "Motion") and in support thereof, would respectfully show as follows, to-wit:

1. This Adversary Proceeding was initiated by the filing of a Complaint on April 4, 2022.

2. This Honorable Court has jurisdiction of the subject matter herein and the parties hereto pursuant to 28 U.S.C. §§ 157 and 1334; 11 U.S.C. §§ 105, 541, 548, related statutes, related rules and various orders of reference. This Adversary Proceeding is a core proceeding.

3. This Adversary Proceeding seeks to recover an alleged constructive fraudulent conveyance made to the Defendant to or for the benefit of an insider (John Coleman) in the amount of $12,250.

4. The Plaintiff and Defendant have agreed to settle and compromise their differences by the agreement of the Defendant to return the $12,250 paid to it within two (2) years of the filing

---

[1] Jointly administered with In re Express Biodiesel, LLC, Case No. 21-11834-SDM and In re Express Processing, Case No. 21-11835-SDM.

of the Chapter 11 petition. The Plaintiff has also agreed to waive pre-judgment interest and costs of Court incurred herein.

5. The Defendant reserves all rights and claims to pursue collection of its claim against any and all persons or entities other than the Plaintiff.

6. Plaintiff and the Defendant and counsel for the Plaintiff and Defendant have negotiated, in good faith, the terms and conditions of this settlement.

7. Plaintiff has considered the settlement possibilities, litigation possibilities and is of the opinion that because of the additional costs and expenses of litigating this case through trial, the settlement for the full amount in controversy is fair and reasonable.

8. Bankruptcy Rule 9019 authorizes the Court to approve the compromise and settlement of claims and causes of action in a bankruptcy case after appropriate notice and an opportunity for a hearing.

9. Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy. See *Fogel v. Zell*, 221 F.3d 955, 960 (7th Cir. 2000); *Fishell v. Soltow (In re Fishell)*, 1995 WL 66622, at *2 (6th Cir. February 16, 1995); *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996) ("To minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'") (quoting 9 Collier on Bankruptcy ¶ 9019.03[1] (15th Ed. 1993)). Various courts have endorsed the use of Bankruptcy Rule 9019 to resolve disputes. See, e.g., *In re Miller*, 148 B.R. 510, 516 (Bankr. N.D. Ill. 1992); *In re Patel*, 43 B.R. 500, 504 (Bankr. N.D. Ill. 1984); see also, *Bartel v. Bar Harbor Airways, Inc.*, 196 B.R. 268 (S.D.N.Y. 1996); *In re Foundation for New Era Philanthropy*, 1996 Bankr. LEXIS 1892 (Bankr. E.D. Pa. Aug 21, 1996); *In re Check Reporting Services, Inc.*, 137 B.R. 653 (Bankr. W.D. Mich. 1992).

10. A compromise or proposed settlement should be approved where such settlement is in the best interests of the bankruptcy estate and is fair and reasonable under the circumstances. *In re Griffin Trading Company*, 270 B.R. 883, 903 (Bankr. N.D. Ill. 2001) (citing *In re American Reserve Corp.*, 841 F.2d 159, 161 (7th Cir. 1987)). More specifically, "[t]his determination requires a comparison of the settlement's terms with the litigation's probably costs and probable benefits." *In re Miller*, 148 B.R. at 516 (citing *In re American Reserve Corp.*, 841 F.2d at 161). Furthermore, "[i]n making this comparison the bankruptcy judge should consider the litigation's probable costs and probability of success, the litigation's complexity, and the litigation's attendant expense, inconvenience, and delay." *Id.*

11. Settlements in bankruptcy cases are, of course, encouraged and favored.

12. A basic policy in bankruptcy cases is that settlement is favored. 10 Collier on Bankruptcy ¶ 9019.01 at 9019-2 (15th Ed. Revised 1997). Courts have built on this policy by adopting the standards set forth in the U.S. Supreme Court decision *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968). In *TMT*, the Supreme Court held that:

> A compromise would be approved by the bankruptcy court only after it apprise[s itself] of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense and likely duration of such litigation, the possible difficulties in collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

*Id.* at 424.

13. The Fifth Circuit standard was stated in *Official Comm. of Unsecured Creditors v. Cajun Electric Power Co-op., Inc.*:

> (1) [t]he probability of success in the litigation, with due consideration for the uncertainty in fact and law;
>
> (2) [t]he complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and
>
> (3) [a]ll other factors bearing on the wisdom of the compromise.

119 F.3d 349, 356 (5th Cir. 1997). These factors have been summarized as requiring the compromise to be "fair and equitable" and "in the best interests of the estate." *TMT*, 390 U.S. at 424; *Cajun Elec.* 119 F.3d at 355.

14. Plaintiff asserts that the settlement reached in this matter is fair and equitable. Litigation of this matter through trial would be a costly and time consuming endeavor. The results would be uncertain.

15. In addition, the aggrieved party or parties would have the right to appeal whatever decision was made by the trial court (in the absence of a mediated settlement) and those costs and expenses would be added to the overall costs that the parties have already incurred, to the detriment of all concerned.

16. Plaintiff asserts that the above and foregoing settlement is fair, reasonable and appropriate under the circumstances and is in the best interest of the bankruptcy estate and its creditors.

17. Accordingly, Plaintiff respectfully moves the Court for an order granting the Motion.

18. Other grounds to be assigned upon a hearing hereof if necessary.

WHEREFORE, PREMISES CONSIDERED, the Movants respectfully pray that upon a hearing hereof this Honorable Court will enter its order granting the Motion. The Movants pray for general relief.

THIS, the ____ day of May, 2022.

Respectfully submitted,

EXPRESS GRAIN TERMINALS, LLC

By Its Attorneys,

LAW OFFICES OF CRAIG M. GENO, PLLC

By: _____
Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com

N:\Firm Data\Users\Bankrupt\Express Grain Terminals, LLC\Adv. Proc\v. MS Reproductive Services\Pleadings\Rule 9019 Mot to Settle 5-2-22.wpd

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via electronic filing transmission, a true and correct copy of the above and foregoing to the following:

Abigail M. Marbury, Esq.        Jim F. Spencer, Jr., Esq.
abigail.m.marbury@usdoj.gov     jspencer@watkinseager.com

THIS, the ____ day of May, 2022.

_____
Craig M. Geno